WILLIAM T. NELSON, ADMINISTRATOR, V. SWIFT & COMPANY.

FILED JUNE 23, 1898. No. 8222.

Death by Wrongful Act: NEGLIGENCE: EVIDENCE. The record examined, and *held* to contain no evidence which would support a verdict in favor of the plaintiff in error; and the action of the district court in peremptorily instructing the jury to return a verdict for the defendant in error approved.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J. *Affirmed.*

*E. C. Lane* and *Lane & Murdock,* for plaintiff in error.

*I. R. Andrews, contra.*

RAGAN, C.

Swift & Co., an Illinois corporation, is engaged in the business of packing meats at South Omaha, Nebraska, at which place it owns a building seven stories high. An elevator shaft extends from the basement to the top of this building, a distance of some ninety feet, and up and down this shaft an elevator is operated in connection with the business which is conducted in that building. December 1, 1892, Henry Tollman was in the employ of Swift & Co., and fell down the shaft from the fifth floor to the basement, and was killed. His administrator then brought this suit against Swift & Co. for damages, alleging that the intestate's death was caused by the negligence of Swift & Co. At the close of the evidence the jury, in obedience to an instruction of the district court, returned a verdict in favor of Swift & Co., upon which a judgment of dismissal of the administrator's action was entered, and to reverse which he has filed here a petition in error.

The record contains not one word of evidence which shows, or from which it can be rationally inferred, that

this poor boy's untimely death was the result of the negligence of this corporation. Young Tollman was at work on the fifth floor of this building. It became necessary for him to transport to the sixth floor about thirty pounds of "sausage casings." These were in a pan under a bench or table at which Tollman was at work. He took a hook, applied it to the pan or a handle on the pan, and dragged it toward the elevator shaft. What happened after that time cannot be better told than to use the language of the witness called in behalf of his administrator, who said: "Understand me right. He had the pan with him, then he opened the door—the door opening into the shaft of the elevator. The elevator wasn't there. He shut the door. He rang the bell. (When the elevator was desired at any floor the man in charge of the elevator was signaled by a bell to bring it to the floor where needed.) Then he opened the door again,—understand me well what I state to you,—and that was the last of him I seen." It would subserve no useful purpose whatever to set out any more of the testimony, and it must suffice to say that it does not disclose what caused this boy to fall down that elevator shaft. That he stepped into or fell down the shaft and was killed all agree, but the cause of the step or fall is not disclosed by the record. The court was right in its peremptory instruction to the jury, for had it returned a verdict that Tollman's death resulted from the negligence of Swift & Co., it would have had no support in the evidence. The judgment of the district court is

AFFIRMED.